[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10415
Non-Argument Calendar
_____

D.C. Docket No. 2:18-cr-00093-MHT-SRW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STACY LEMARCUS COLEMAN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(September 26, 2019)

Before TJOFLAT, BRANCH and FAY, Circuit Judges.

PER CURIAM:

Stacy Coleman appeals his conviction under 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm. Coleman contends that his conviction should be set aside because the dual sovereign doctrine of the Double Jeopardy Clause is invalid. We held disposition of this appeal in abeyance pending the U.S. Supreme Court's decision in *Gamble v. United States*, 139 S. Ct. 1960 (2019), which has now issued.

The Double Jeopardy Clause states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Supreme Court has held that this language embodies the dual sovereign doctrine. *Gamble*, 139 S. Ct. at 1964. Under the dual sovereign doctrine, a "State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute," or vice versa. *Id.* In *Gamble*, the Supreme Court reaffirmed this doctrine because "where there are two sovereigns, there are two laws, and two 'offences.'" *Id.* at 1965. *See Gamble*, 139 S. Ct. at 1964–66 (affirming our judgment that a § 922(g)(1) conviction for the same conduct underlying an Alabama state conviction did not violate the double jeopardy clause).

**AFFIRMED.**